COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO. 2-04-351-CR

 

BUDDY LEE CRINER                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 30TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Buddy
Lee Criner appeals his conviction for delivery of a controlled substance.  In two issues, he challenges the legal and
factual sufficiency of the evidence to support his conviction.  We affirm.








Appellant
stipulates that all elements of the charged offense were proven except his
identity as the person who committed the crime.  Appellant contends that the evidence of his identity is
insufficient because (1)  Officer James
Blake, the State=s sole witness concerning
appellant=s identity, left out of his police
report the facts that he had obtained appellant=s driver=s licence photo and that appellant had allegedly
acknowledged the police informant during the drug buy;[2]
(2) the address on appellant=s driver=s license was not the address
where Blake purchased the drugs; (3) there was no audio or video evidence
linking appellant to the offense and Blake gave conflicting testimony
concerning whether task force officers Awear wires@ when buying drugs from persons they do not know; (4) the State did
not offer into evidence the marked money that Blake allegedly used to purchase
the drugs; and (5) appellant=s fingerprints were never offered into evidence. 

Blake
testified, however, that he had purchased the controlled substance from
appellant while working as an undercover officer.  Blake identified appellant in court as the person who had sold
him the controlled substance. Blake described his encounter with appellant as Aa four- or five-minute
conversation@ and said that he had gotten a
good look at appellant=s face.  Blake further testified that, on the same day that he make the
drug buy, he obtained appellant=s driver=s license photograph and verified
that the person in the photograph was the individual who had just sold him the
controlled substance. 








This
evidence is legally and factually sufficient to establish appellant=s identity.[3]  As the trier of fact, the jury was the sole
judge of the weight and credibility of the evidence.[4]  Accordingly, we overrule appellant=s issues and affirm the trial
court=s judgment.

 

PER CURIAM

 

PANEL F:    CAYCE, C.J.; WALKER and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED: October 20, 2005

 











[1]See Tex. R.
APP. P. 47.4.





[2]The police informant did not
testify at trial. 





[3]See Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d
618, 620 (Tex. Crim. App. 2004) (setting out legal sufficiency standard of
review); see Zuniga v. State, 144 S.W.3d 477, 481, 484-85 (Tex. Crim.
App. 2004) (setting out factual sufficiency standard).





[4]See Tex.
Code Crim. Proc. Ann.
art. 38.04 (Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex.
Crim. App. 2000); Zuniga, 144 S.W.3d at 481.